# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| IN RE: MARY E. BUSCONE, <br>   Debtor, <br><br> MARY E. BUSCONE, <br>   Appellant, <br><br> v. <br><br> ANN TRACY BOTELHO, <br>   Appellee. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:23-cv-13254-JEK |

## MEMORANDUM AND ORDER

**KOBICK, J.**

  This appeal of an order of the United States Bankruptcy Court for the District of Massachusetts arises out of a long-running dispute between the debtor, appellant Mary E. Buscone, and the creditor, appellee Ann Tracy Botelho. In connection with Buscone's Chapter 7 bankruptcy, Botelho brought an adversary proceeding in 2019 claiming that a separate state court judgment she had obtained against Buscone in 2018 should be excepted from Buscone's Chapter 7 discharge. Buscone disagreed, contending that Botelho was judicially estopped from making that argument, because Botelho had not listed her state court claims against Buscone on her own earlier Chapter 7 bankruptcy schedules. After Buscone's motion for summary judgment was denied, but before the matter went to trial, the Bankruptcy Court entered default judgment against Buscone as a sanction for repeated noncompliance with discovery orders. In February 2023, the First Circuit affirmed and, as a consequence, upheld the determination that Botelho's state court judgment, in the amount of $91,673.45, plus interest and costs, was excepted from Buscone's Chapter 7 discharge. *In re Buscone*, 61 F.4th 10 (1st Cir. 2023).

Four months later, Buscone brought the underlying Chapter 13 bankruptcy. Botelho filed a proof of claim for the state court judgment, with interest and costs. Objecting to that claim, Buscone raised the same judicial estoppel argument and separately contended that the claim should be reduced because the federal post-judgment interest rate, not the state interest rate, applies to the excepted debt. The Bankruptcy Court overruled her objection, concluding that principles of issue preclusion barred Buscone's attempt to relitigate the judicial estoppel defense and that the state post-judgment interest rate applies.

Buscone's appeal of that order presents two questions: (1) whether she is precluded from relitigating her judicial estoppel argument, such that Botelho's claim should be allowed in the Chapter 13 bankruptcy; and (2) whether the amount of the claim should be calculated by using the state or federal post-judgment interest rate. Concluding that the Bankruptcy Court correctly resolved both issues in favor of Botelho, this Court will affirm its order overruling Buscone's objection to Botelho's claim.

## BACKGROUND

The background of the litigation between Buscone and Botelho is thoroughly recounted in the First Circuit's decision in *In re Buscone*, 61 F.4th 10 (1st Cir. 2023). The Court here provides the factual context necessary for this appeal.

### I.     **The Parties' Chapter 7 Bankruptcy Proceedings.**

Botelho and Buscone operated a frozen yogurt business together from 2012 until 2014. ECF 9, at 15-16. In late 2014, after the business failed, Botelho filed for bankruptcy protection and received a Chapter 7 discharge soon after. ECF 9, at 16-17; *In re Buscone*, 61 F.4th at 16-17. She did not list any claim against Buscone in her bankruptcy schedules. *In re Buscone*, 61 F.4th at 16-17.

In 2018, Botelho sued Buscone in Middlesex Superior Court, alleging breach of contract, breach of fiduciary duty, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and fraud. ECF 9, at 24; *In re Buscone*, 61 F.4th at 17 n.6. Buscone did not appear to defend herself in that action and, in August 2018, the state court entered a default judgment of $91,673.45 against her and in favor of Botelho. ECF 11, at 11; *In re Buscone*, 61 F.4th at 17.

Following this default judgment, Buscone filed her own Chapter 7 bankruptcy petition. ECF 9, at 24. In April 2019, Botelho initiated an adversary proceeding in Buscone's bankruptcy, seeking a determination that her state court judgment was excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4). ECF 9, at 14-22. Under those statutes, debt is not dischargeable "to the extent obtained by . . . false pretenses, a false representation, or actual fraud," or for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. §§ 523(a)(2)(A) and (a)(4); *see generally In re Stewart*, 948 F.3d 509 (1st Cir. 2020).

Invoking judicial estoppel, Buscone moved to the dismiss Botelho's complaint in the adversary proceeding. ECF 4-1, at 81; *In re Buscone*, 61 F.4th at 17. She contended that because Botelho did not list possible claims against Buscone in Botelho's Chapter 7 bankruptcy schedules, Botelho should be barred from seeking to exempt her state court judgment arising out of those claims from discharge. ECF 4-1, at 81; *In re Buscone*, 61 F.4th at 17; *see InterGen N.V. v. Grina*, 344 F.3d 134, 144 (1st Cir. 2003) ("As a general matter, the doctrine of judicial estoppel prevents a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding."). The Bankruptcy Court converted the motion to a motion for summary judgment and denied it, leaving the matter for resolution at trial on a full record. ECF 4-1, at 81.

Discovery disputes emerged in the ensuing months. First, Buscone did not appear for her scheduled deposition. *In re Buscone*, 61 F.4th at 18. After Buscone later failed to respond to multiple interrogatories and requests for production of documents, the Bankruptcy Court granted Botelho's first motion to compel and, as a sanction, deemed objections to those discovery requests waived and ordered the payment of certain fees. *Id.* When Buscone still failed to respond to the interrogatories and requests for production in the time frame set by the Court, Botelho filed a second motion to compel that sought entry of default judgment as a sanction for Buscone's discovery conduct. *Id.* at 18-19. After a hearing, the Bankruptcy Court issued an order finding the entry of default judgment warranted "given [Buscone's] complete flouting of the court's discovery orders, along with the fact that lesser sanctions had already failed to motivate compliance." *Id.* at 19; *see* ECF 9, at 49. The Court's order provided:

> The court hereby ORDERS, ADJUDGES, and DECLARES that the judgment debt of the defendant and debtor, [Buscone], to the plaintiff, [Botelho], in the principal amount of $91,673.45, plus all interest and costs due thereunder, is excepted from discharge.

ECF 9, at 49. As a consequence of this order, Botelho could continue to collect on the debt even after the conclusion of Buscone's Chapter 7 case. *See* 11 U.S.C. § 727(b). The Bankruptcy Court later denied Buscone's motion to reconsider. *In re Buscone*, 61 F.4th at 19-20.

The First Circuit affirmed the orders denying Buscone's motion for summary judgment; granting Botelho's second motion to compel, which resulted in the entry of default judgment against Buscone; and denying Buscone's motion for reconsideration of that order. *Id.* at 36. With respect to the summary judgment motion, the First Circuit saw no abuse of discretion in the Bankruptcy Court's decision to deny the motion and reserve the judicial estoppel issue for trial. *Id.* at 28. At that point in the proceedings, Buscone had not presented substantial evidence that Botelho's omission of the state law claims from her Chapter 7 bankruptcy schedules was an effort

4

to "manipulat[e] the machinery of the judicial system" or "play fast and loose with the courts." *Id.* at 27 (quotation marks omitted). Particularly in light of the "fact intensive nature of the estoppel inquiry," the Bankruptcy Court was not "obligated to apply the discretionary doctrine at summary judgment." *Id.* at 27-28. With respect to the subsequent entry of default judgment against Buscone as a discovery sanction, the First Circuit again saw no abuse of discretion. *Id.* at 28-31. It noted the "pattern of discovery abuses" that, coupled with the failure of lesser sanctions to motivate compliance with court orders, justified the severity of the sanction. *Id.* at 29-31.

## II.     Buscone's Chapter 13 Bankruptcy Proceedings.

On June 26, 2023, Buscone filed a voluntary petition for Chapter 13 bankruptcy.[1] ECF 9, at 3. Botelho then filed a timely proof of claim and amended proof of claim for the state court judgment debt deemed excepted from Buscone's Chapter 7 discharge. *Id.* at 26. Buscone objected to Botelho's amended proof of claim, arguing that the claim should be disallowed on judicial estoppel grounds. *Id.* at 26-28. Alternatively, she argued that the claim should be considerably reduced,[2] as the post-judgment interest from the previous bankruptcy court order of non-dischargeability in the amount of $91,673.45 should be calculated at the federal rate from the date of the previous Bankruptcy Court order rather than the state rate from the date of the state court judgment. *Id.* at 28-29. At the hearing on Buscone's objection to Botelho's amended proof of

---

[1] Unlike a Chapter 7 bankruptcy, in which the Trustee obtains control of, and potentially liquidates, all the filers' non-exempt assets, in a Chapter 13 bankruptcy, a "Chapter 13 debtor retains control of his property and works out a plan with the court to use the money from the estate to pay back his debt over three to five years." *In re Rockwell*, 968 F.3d 12, 18 (1st Cir. 2020). Filing a Chapter 13 bankruptcy case can help a debtor pay off nondischargeable Chapter 7 debt, while avoiding foreclosure of their home. *See, e.g.*, *In re Keach*, 243 B.R. 851, 865-67 (B.A.P. 1st Cir. 2000); *Massachusetts Hous. Fin. Agency v. Evora*, 255 B.R. 336, 338 (D. Mass. 2000).

[2] Botelho's amended proof of claim sought a total of $145,140.42, a sum that includes the $91,673.45 state court judgment and $53,466.97 in interest. ECF 4-1, at 75. Buscone's proposed post-judgment interest calculations would result in a total claim of $91,930.89, with only $257.44 in interest. ECF 8, at 10.

5

claim, counsel for Botelho contended that the judicial estoppel argument was itself "estopped—collaterally estopped, *res judicata*, what have you." *Id.* at 37.

The Bankruptcy Court overruled Buscone's objection, noting that the judicial estoppel argument "ha[s] been advanced on behalf of [Buscone] by [her counsel] in a number of different pleadings in different forms." *Id.* At present, the court explained, "we have a judgment . . . that the amount of the state court judgment, plus interest and whatever else, . . . was determined to be non-dischargeable." *Id.* at 38. Relying on the First Circuit's *In re Buscone* decision, the court also found that the state interest rate should apply and accrue from the underlying state court judgment. *Id.* On December 13, 2023, the Bankruptcy Court issued a memorandum and order formally overruling the objection for the reasons it had stated on the record at the hearing. ECF 4-1, at 85. Buscone filed a timely appeal of that order. *Id.* at 87-88.

## JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction under 28 U.S.C. § 158(a) to consider an appeal of the Bankruptcy Court's order overruling Buscone's objection to Botelho's proof of claim. *See* 28 U.S.C. § 158(a)(1) (giving district courts jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy courts). "A bankruptcy court order overruling an objection to a proof of claim is a final order." *Nelson*, 621 B.R. 542, 553 (B.A.P. 1st Cir. 2020).

On appeal to a district court, "a final order of the bankruptcy court is subject to the same familiar standards of review normally employed in direct appeals to the courts of appeals in civil cases generally." *In re LaRoche*, 969 F.2d 1299, 1301 (1st Cir. 1992). Thus, the Bankruptcy Court's findings of fact are reviewed for clear error, while questions of law are reviewed de novo. *Id.* "[C]onsiderable deference is given to the factual determinations and discretionary judgments

made by a bankruptcy judge." *In re Wolverine, Proctor & Schwartz, LLC*, 527 B.R. 809, 819 (D. Mass. 2015) (quotation marks omitted).

Here, whether the Bankruptcy Court correctly applied the doctrine of issue preclusion to overrule Buscone's objection to Botelho's claim is a question of law subject to de novo review. *See Keystone Shipping Co. v. New England Power Co.*, 109 F.3d 46, 50 (1st Cir. 1997). Its determination of the interest rate applicable to the excepted debt is also a question of law subject to de novo review. *See In re Hamilton*, 584 B.R. 310, 318 (B.A.P. 9th Cir. 2018), *aff'd*, 785 F. App'x 438 (9th Cir. 2019).

## DISCUSSION

### I. Application of Issue Preclusion.

Buscone challenges the Bankruptcy Court's determination that she is precluded from raising judicial estoppel as a basis for objecting to Botelho's proof of claim in the Chapter 13 bankruptcy proceeding. In Buscone's view, because a default judgment led to the order that her debt to Botelho was excepted from discharge in the Chapter 7 proceeding, her judicial estoppel argument was not decided on the merits by the Bankruptcy Court or the First Circuit. Issue preclusion cannot bar her from raising an issue, she contends, that was not actually litigated in the prior Chapter 7 proceeding.

There are two types of preclusion: claim preclusion (also known as res judicata) and issue preclusion (also known as collateral estoppel). *Coors Brewing Co. v. Mendez-Torres*, 562 F.3d 3, 8-9 (1st Cir. 2009), *abrogated on other grounds*, *Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010). Under claim preclusion principles, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Issue preclusion "bars relitigation of any factual

or legal issue that was *actually* decided in previous litigation between the parties, whether on the same or a different claim." *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 30 (1st Cir. 1994) (emphasis in original) (quotation marks omitted).

Issue preclusion applies to dischargeability proceedings in bankruptcy. *See Grogan v. Garner*, 498 U.S. 279, 284-85 n.11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."). Federal principles of issue preclusion apply here because the prior judgment at issue—the order excepting Buscone's state court debt to Botelho from discharge—was issued by a federal bankruptcy court. *See Pérez v. Volvo Car Corp.*, 247 F.3d 303, 311 (1st Cir. 2001) ("Federal law determines the preclusive effect of a judgment previously entered by a federal court."); *see also Grogan*, 498 U.S. at 284 (citing Restatement (Second) of Judgments § 27 (1982) as establishing elements of federal issue preclusion).

Under federal law, for a party to be collaterally estopped from relitigating an issue, four elements must be present: (1) both proceedings involved the same issue of fact or law, (2) the parties actually litigated the issue in the prior proceeding, (3) the prior court actually resolved the issue in a final and binding judgment, and (4) resolution of the issue was essential to its judgment. *Monarch Life Ins. Co. v. Ropes & Gray*, 65 F.3d 973, 978 (1st Cir. 1995) (citing Restatement (Second) of Judgments § 27). The doctrine of issue preclusion applies "only if the loser had a 'full and fair opportunity to litigate' the issue in the earlier proceeding." *Santiago-Martínez v. Fundación Damas, Inc.*, 93 F.4th 47, 51 (1st Cir. 2024) (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)). Buscone's appeal focuses on the second factor—that is, whether the parties "actually litigated" the judicial estoppel issue in the prior Chapter 7 adversary proceeding. She maintains that because the dischargeability of the state court judgment was determined via a

8

default judgment, the question whether Botelho is judicially estopped from asserting exception from discharge under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4) was never actually litigated.

In general, "[t]he requirement that the underlying issue be 'actually litigated' . . . bars a court from giving a default judgment preclusive effect." *In re Snyder*, 939 F.3d 92, 100 (2d Cir. 2019); *see also* Restatement (Second) of Judgments § 27 cmt. e ("In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action."). But this rule has exceptions. Many courts, applying federal common law, have recognized that "where the default judgment is entered as a sanction for bad conduct, and the party being estopped had the opportunity to participate in the underlying litigation, the default judgment has preclusive effect when determining the nondischargeability of a debt in a bankruptcy proceeding." *In re Snyder*, 939 F.3d at 100; *accord In re Corey*, 583 F.3d 1249, 1252-53 (10th Cir. 2009); *In re Docteroff*, 133 F.3d 210, 215 (3d Cir. 1997); *In re Bush*, 62 F.3d 1319, 1322-25 (11th Cir. 1995); *In re Daily*, 47 F.3d 365, 368-69 (9th Cir. 1995); *In re Cornwell*, 109 F. App'x 682, 683-84 (5th Cir. 2004) (per curiam). The First Circuit Bankruptcy Appellate Panel has recognized the same exception under Massachusetts law. *See In re Stanley-Snow*, 405 B.R. 11, 19-20 (B.A.P. 1st Cir. 2009).

Both elements of the exception are met in this case. In the Chapter 7 adversary proceeding, Buscone was "afforded a reasonable opportunity to defend [her]self on the merits but [chose] not to do so." *In re Daily*, 47 F.3d at 368. Represented by counsel, she participated in the proceeding by filing a motion to dismiss that was converted to a summary judgment motion, filing an answer, and engaging extensively in discovery disputes. It was Buscone's persistent failure to comply with her discovery obligations—not her failure to appear in the case—that prompted the Bankruptcy Court to enter default judgment. The default judgment was entered as a sanction for bad conduct

after less severe sanctions had failed to bring her into compliance with court orders. *In re Buscone*, 61 F.4th at 29-31; *see In re Bush*, 62 F.3d at 1325 ("[The debtor] had ample warning from the prior court and could reasonably have foreseen the conclusive effect of his actions."). The First Circuit described a "pattern of discovery abuses—including multiple failures to produce or respond to discovery requests, arguably sarcastic and evasive responses to interrogatories, and an overall unwillingness to appropriately engage with opposing counsel and follow the rules of discovery." *In re Buscone*, 61 F.4th at 29. Where Buscone's "failure to provide discovery was the result of a deliberate, dilatory course of conduct" that "significantly interfered with the judicial process," the Bankruptcy Court committed no error in concluding that she was collaterally estopped from seeking to relitigate her judicial estoppel defense. *In re Corey*, 583 F.3d at 1253.

Applying issue preclusion in these circumstances is consistent with the interests of the doctrine—among them, discouraging obstructive behavior or delay tactics in litigation, conserving judicial and party resources, and maintaining consistency in decisions. *See id.* at 1251-52; Restatement (Second) of Judgments § 27 cmt. e. Buscone had a full and fair opportunity to litigate whether judicial estoppel foreclosed Botelho's claim that the state court judgment was excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4). *See Santiago-Martínez*, 93 F.4th at 51. Allowing her to reassert that defense in her Chapter 13 proceeding would give her an "undeserved second bite at the apple." *In re Docteroff*, 133 F.3d at 215. The Bankruptcy Court correctly held that the prior non-dischargeability order had preclusive effect with respect to Buscone's assertion of judicial estoppel.

**II.     Interest Rate Applicable to Botelho's Claim.**

Buscone separately challenges Botelho's calculation of the amount of her claim in the Chapter 13 proceeding and, in particular, whether the claim is subject to the Massachusetts post-

judgment interest rate from the date of the state court judgment or the federal post-judgment interest rate from the date of the prior Bankruptcy Court order. The Bankruptcy Court concluded that because Botelho's claim is based on the August 2018 state court default judgment, interest accrued under the state interest rate from the date of the state court judgment to the date of Buscone's Chapter 13 bankruptcy petition. Buscone sees it differently: she contends that the amount of the claim was determined by the December 2020 exception from discharge order in the Chapter 7 adversary proceeding and began accruing as of that judgment under the federal rate.

Buscone's argument is foreclosed by the First Circuit's decision in *In re Buscone*. In affirming the Bankruptcy Court's judgment excepting Botelho's $91,673.45 claim against Buscone from discharge, the First Circuit noted that "this amount may no longer reflect the debt owed to [Botelho]." *In re Buscone*, 61 F.4th at 34. That was so for two reasons: Buscone had already made some payments to Botelho, and "as the bankruptcy court suggested by holding the 'interests and costs due thereunder' non-dischargeable," post-judgment interest was accruing. *Id.* The First Circuit then explained that "state law provides for interest to accrue post-judgment," and cited M.G.L. c. 231, §§ 6B, 6C, and 6H, which, together with M.G.L. c. 235, § 8, set the interest rates on damage judgments entered in Massachusetts courts. *In re Buscone*, 61 F.4th at 34. The First Circuit also explained that "[b]ecause the Commonwealth court is best suited to make a precise calculation as to what is owed and how the state judgment can be executed," it would "leave it to the parties to sort out the contours of the debt in state court." *Id.* at 34-35.

Buscone asserts that this analysis was dicta that should be disregarded. This Court disagrees. The First Circuit's conclusion that the post-judgment interest rate is set by Massachusetts law, rather than federal law, is precisely on point and consistent with logic. Buscone's debt to Botelho arose from the judgment Botelho obtained against her in state court.

11

The Bankruptcy Court's December 2020 order determined that this debt was excepted from discharge, but it did not give rise to the debt or constitute a new money judgment. Indeed, referring to the state court judgment, the exception from discharge order accounts for "all interest and costs due *there*under"—not "*here*under," as one might expect if the federal judgment gave rise to the interest and costs. ECF 9, at 49 (emphasis added). Because Buscone's debt to Botelho arises from the state court judgment, interest is accruing on that judgment at the rate set by Massachusetts law. *See In re Hamilton*, 584 B.R. at 323 ("[I]nterest on a nondischargeable judgment debt should continue to accrue at the state rate, even after the bankruptcy court determines the nondischargeability of the debt.")

Accordingly, the Bankruptcy Court correctly overruled Buscone's objection to Botelho's calculation of her claim.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's order overruling Buscone's objection to Botelho's amended proof of claim is AFFIRMED. Botelho's request for attorney's fees and costs is DENIED.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: August 9, 2024